JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

DEBRA TRETTER

**DEFENDANTS**

MID-ATLANTIC DENTAL SERVICE HOLDINGS LLC, MID-ATLANTIC DENTAL PARTNERS, MID-ATLANTIC INTERMEDIATE, LLC, & SONRAVA HEALTH

**(b)** County of Residence of First Listed Plaintiff  Bucks
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Montgomery
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Lane J. Schiff , Esquire
Console Mattiacci Law LLC, 1525 Locust Street, 9th Floor
Philadelphia, PA 19102 215-545-7676

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [x] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 2  U.S. Government Defendant
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | **LABOR** | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | | [ ] 751 Family and Medical Leave Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| | | | [ ] 790 Other Labor Litigation | [ ] 862 Black Lung (923) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [x] 442 Employment | [ ] 510 Motions to Vacate Sentence | | | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | **FEDERAL TAX SUITS** | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | |
| | | [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1  Original Proceeding
- [ ] 2  Removed from State Court
- [ ] 3  Remanded from Appellate Court
- [ ] 4  Reinstated or Reopened
- [ ] 5  Transferred from Another District
- [ ] 6  Multidistrict Litigation - Transfer
- [ ] 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. §2000e, et seq. ("Title VII");43 P.S. §951, et seq. ("PHRA").

Brief description of cause:
Plaintiff brings this action against her former employers for unlawful sex discrimination and retaliation.

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $
excess of $75,000

CHECK YES only if demanded in complaint:
JURY DEMAND:  [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____    DOCKET NUMBER _____

DATE
April 28, 2023

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ Langhorne, PA 19047 _____

Address of Defendant: _____ 630 West Germantown Pike, Suite 120, Plymouth Meeting, PA 19462 _____

Place of Accident, Incident or Transaction: _____

---

*RELATED CASE, IF ANY:*

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 4/28/23 _____    _____ *Attorney-at-Law / Pro Se Plaintiff*    314179 _____ *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

*A.*   *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☑ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
  *(Please specify):* _____

*B.*   *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
  *(Please specify):* _____

---

## ARBITRATION CERTIFICATION
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ Lane J. Schiff, Esquire _____, counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 4/28/23 _____    _____ *Attorney-at-Law / Pro Se Plaintiff*    314179 _____ *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| DEBRA TRETTER | : | CIVIL ACTION |
| PLAINTIFF, | : | |
| v. | : | |
| MID-ATLANTIC DENTAL SERVICE HOLDINGS LLC, MID-ATLANTIC | : | |
| DENTAL PARTNERS, MID-ATLANTIC INTERMEDIATE, LLC, | : | NO. |
| & SONRAVA HEALTH | : | |
| DEFENDANTS. | | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                      ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.           ( X )

| | | |
|---|---|---|
| April 28, 2023 | | Plaintiff, Debra Tretter |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 545-7676 | (215) 565-2859 | schiff@consolelaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DEBRA TRETTER** | : | |
| **Langhorne, PA 19047** | : | **CIVIL ACTION NO.** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **MID-ATLANTIC DENTAL** | : | |
| **SERVICE HOLDINGS LLC** | : | |
| **630 West Germantown Pike, Suite 120** | : | |
| **Plymouth Meeting, PA 19462,** | : | |
| | : | |
| **MID-ATLANTIC DENTAL** | : | |
| **PARTNERS** | : | |
| **630 West Germantown Pike, Suite 120** | : | **JURY TRIAL DEMANDED** |
| **Plymouth Meeting, PA 19462** | : | |
| | : | |
| **MID-ATLANTIC INTERMEDIATE,** | : | |
| **LLC** | : | |
| **630 West Germantown Pike, Suite 120** | : | |
| **Plymouth Meeting, PA 19462,** | : | |
| | : | |
| **&** | : | |
| | : | |
| **SONRAVA HEALTH** | : | |
| **630 West Germantown Pike, Suite 120** | : | |
| **Plymouth Meeting, PA 19462,** | : | |
| | : | |
| **Defendants.** | : | |

## COMPLAINT

### I.    INTRODUCTION

Plaintiff, Debra Tretter, brings this action against her former employer, Defendants,

Mid-Atlantic Dental Service Holding LLC, Mid-Atlantic Dental Partners, and Mid-

Atlantic Intermediate, LLC (collectively "Mid-Atlantic Defendants") for unlawful sex

discrimination and retaliation, in violation of Title VII of the Civil Rights Act of 1964, as

amended, 42 U.S.C. §2000e, *et seq.* ("Title VII") and the Pennsylvania Human Relations Act, as amended, 43 P.S. §951, *et seq.* ("PHRA"). Plaintiff further brings this claim against Sonrava Health as, upon information and belief, the successor in interest of Mid-Atlantic Dental Service Holding LLC and Mid-Atlantic Dental Partners. Plaintiff seeks all damages allowable at law, including back-pay, front-pay, compensatory, punitive, costs and attorneys' fees, and all other relief that this Court deems appropriate.

II.    **PARTIES**

1.    Plaintiff, Debra Tretter, is an individual and a citizen of the Commonwealth of Pennsylvania.

2.    Plaintiff is a woman.

3.    Defendant Mid-Atlantic Dental Service Holding LLC is limited liability company with an office located at 630 West Germantown Pike, Suite 120, Plymouth Meeting, Pennsylvania 19462.

4.    Defendant Mid-Atlantic Dental Partners is a company with an office located at 630 West Germantown Pike, Suite 120, Plymouth Meeting, Pennsylvania 19462.

5.    Defendant Mid-Atlantic Intermediate, LLC is a company with an office located at 630 West Germantown Pike, Suite 120, Plymouth Meeting, Pennsylvania 19462.

6.    On or about June 22, 2022, Sonrava Health purchased Mid-Atlantic Dental Service Holding LLC and Mid-Atlantic Dental Partners.

7.    Upon information and belief, Sonrava Health is the successor of interest of Mid-Atlantic Dental Service Holding LLC and Mid-Atlantic Dental Partners.

8.    At all times material hereto, Defendants employed more than fifteen (15) employees.

9.      At all times material hereto, Defendants acted by and through their authorized agents and/or employees acting within the course and scope of their employment with Defendants and in furtherance of Defendants' business.

10.      At all times material hereto, Defendants collectively constituted Plaintiff's employers under the joint and/or single employer doctrine. Defendants shared common management, had interrelated operations, and collectively controlled Plaintiff's job duties and responsibilities.

11.      At all times material hereto, Defendants acted as an employer within the meaning of the statutes which form the basis of this matter.

12.      At all times material hereto, Plaintiff was an employee within the meaning of the statutes which form the basis of this matter.

### III.    <u>JURISDICTION AND VENUE</u>

13.      The causes of action that form the basis of this matter arise under Title VII and the PHRA.

14.      The District Court has jurisdiction over Count I (Title VII) pursuant to 42 U.S.C. §2000e-5 and 28 U.S.C. §1331.

15.      The District Court has supplemental jurisdiction over Count II (PHRA) pursuant to 28 U.S.C. §1367.

16.      On or about March 26, 2021, Plaintiff filed a Complaint with the Pennsylvania Human Relations Commission ("PHRC"), complaining of the acts of discrimination and retaliation alleged herein.  This Complaint was cross-filed with Equal Employment Opportunity Commission ("EEOC").  Attached hereto, incorporated herein and marked as Exhibit "A" is a true and correct copy of the PHRC Complaint (with

personal identifying information redacted).

17.    On or about February 1, 2023, the EEOC issued to Plaintiff a Notice of Right to Sue.  Attached hereto, incorporated herein and marked as Exhibit "B" is a true and correct copy of the Notice with personal identifying information redacted.

18.    Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

### IV.    FACTUAL ALLEGATIONS

19.    Plaintiff was hired by Mid-Atlantic Defendants on or about July 16, 2018.

20.    Plaintiff consistently performed her job duties in a highly competent manner, and received positive feedback.

21.    Plaintiff last held the position of Corporate Controller.

22.    On or about January 14, 2019, Mid-Atlantic Defendants hired Michael Stees (male), Division Controller.

23.    Plaintiff had more responsibilities and longer service time with Mid-Atlantic Defendants than Stees but was paid the same as Stees.

24.    In or about October 2019, Plaintiff began reporting to Joseph Sivori (male), Chief Financial Officer.

25.    Plaintiff was treated differently and worse, and in a more hostile, dismissive, and demeaning manner than male employees.

26.    Mid-Atlantic Defendants unjustly criticized Plaintiff's performance.

27.    Mid-Atlantic Defendants gave Plaintiff additional work, job duties, and responsibilities but did not give her a promotion or salary increase.

28.    Plaintiff received no salary increase or promotion, despite her requests,

throughout her employment with Mid-Atlantic Defendants.

29.    Mid-Atlantic Defendants gave salary increases and promotions to less qualified male employees with shorter service time than Plaintiff.

30.    Plaintiff asked Sivori why less qualified male employees were given salary increases and she was not.  Plaintiff received no explanation, including the criteria, as to why she was not given salary increases and less qualified male employees were given salary increases.

31.    On November 23, 2020, in an email to Sivori, Plaintiff provided a list of six (6) female employees, including herself, who were not given performance reviews or salary increases.

32.    Plaintiff received no meaningful response to her email.

33.    On February 1, 2021, in a phone call with Sivori, Mid-Atlantic Defendants terminated Plaintiff's employment, effective March 5, 2021, which was later moved to March 10, 2021.

34.    The stated reason for Plaintiff's termination was consolidation.  Sivori told Plaintiff that Mid-Atlantic Defendants no longer needed multiple Controllers, and Stees was selected for the combined position.  Plaintiff asked why she was being terminated and Stees was being retained.  Sivori responded that he was under pressure from the Board to make changes.  Sivori told Plaintiff that her termination was not performance related and that he would give her a positive reference.

35.    Mid-Atlantic Defendants assigned Plaintiff's job duties and responsibilities to Stees.

36.    Plaintiff was more qualified than Stees to perform her job duties and

responsibilities and that of the combined Controller position.

37.    Plaintiff was given no opportunity to apply for the combined Controller position that was given to Stees.

38.    Numerous employees told Plaintiff that she should have been retained and selected for the combined Controller position instead of Stees.

39.    On or about February 4, 2021, Stees told Plaintiff that he received a salary increase, and Plaintiff learned that another male employee received a salary increase.

40.    Plaintiff asked Sivori why Stees and the other male employee were given salary increases and she was not.  Plaintiff received no explanation.

41.    On February 19, 2021, in a meeting with Sivori and Jill Cole, Chief Human Resources Officer, Plaintiff complained of sex discrimination.  Plaintiff complained that there was a pattern of sex discrimination at Mid-Atlantic Defendants.  Sivori and Cole did not deny the same.

42.    Mid-Atlantic Defendants failed to investigate Plaintiff's sex discrimination complaints.

43.    Mid-Atlantic Defendants failed to take any action to remedy or prevent the sex discrimination to which Plaintiff had been subjected.

44.    On March 10, 2021, Mid-Atlantic Defendants terminated Plaintiff's employment.

45.    Other female employees have recently resigned from Mid-Atlantic Defendants.

46.    Mid-Atlantic Defendants' conduct evidences a bias against female employees and/or employees who engage in protected activity.

47.     Plaintiff's sex was a motivating and determinative factor in Defendants' discriminatory treatment of Plaintiff, including terminating her employment and failing to select her for the combined Controller position.

48.     Plaintiff's sex was a motivating and determinative factor in Defendants' discriminatory treatment of Plaintiff, including failing to give her salary increases and/or a promotion.

49.     Plaintiff's engaging in protected activity was a motivating and determinative factor in Defendants' retaliatory treatment of Plaintiff, including terminating her employment and failing to select her for the combined Controller position.

50.     Defendants failed to prevent or address the discriminatory and retaliatory conduct referred to herein and further failed to take corrective and/or remedial measures to make the workplace free of discriminatory and retaliatory conduct.

51.     The retaliatory actions taken against Plaintiff after she engaged in protected activity would have discouraged a reasonable employee from complaining of discrimination.

52.     As a direct and proximate result of the discriminatory and retaliatory conduct of Defendants, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings (including loss of Employee Units), and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

53.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

54.    Plaintiff has incurred and is entitled to reasonable costs and attorneys' fees incurred as a result of the unlawful behavior complained of herein.

## COUNT I - Title VII

55.    Plaintiff incorporates herein the paragraphs above, as if set forth herein in their entirety.

56.    By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendants violated Title VII.

57.    Said violations were done with malice and/or reckless indifference to plaintiff's protected rights.

58.    As a direct and proximate result of Defendants' violation of Title VII, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorney's fees and costs.

59.    Plaintiff is now suffering and may continue to suffer irreparable injury and monetary damages as a result of Defendants' unlawful acts unless and until this Court grants the relief requested herein.

60.    No previous application has been made for the relief requested herein.

## COUNT II – PHRA

61.    Plaintiff incorporates herein by reference the paragraphs above, as if set forth herein in their entirety.

62.    By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendants violated the PHRA.

63.    As a direct and proximate result of Defendants' violation of the PHRA, Plaintiff has sustained the injuries, damages, and losses set forth herein, and has incurred

attorneys' fees and costs.

64. Plaintiff is now suffering and may continue to suffer irreparable injuries and monetary damages as a result of Defendants' unlawful acts unless and until the Court grants the relief requested herein.

65. No previous application has been made for the relief requested herein.

## RELIEF

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendants' improper conduct, and specifically prays that the Court grant the following relief to Plaintiff by:

(a)    declaring the acts and practices complained of herein to be in violation of Title VII;

(b)    declaring the acts and practices complained of herein to be in violation of the PHRA;

(c)    enjoining and permanently restraining the violations alleged herein;

(d)    entering judgment against Defendants and in favor of the Plaintiff in an amount to be determined;

(e)    awarding compensatory damages to make the Plaintiff whole for all lost earnings, earning capacity and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendants' improper conduct;

(f)    awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendants' improper conduct;

(g)    awarding Plaintiff back pay;

(h)    awarding Plaintiff front pay;

(i)    awarding Plaintiff the value of any lost or unvested equity, including, without limitation Employee Units;

(j)    awarding Plaintiff such other damages as are appropriate under Title VII and the PHRA;

(k)    awarding Plaintiff the costs of suit, expert fees and other disbursements;

(l)    awarding Plaintiff reasonable attorney's fees; and,

(m)    granting such other and further relief as this Court may deem just, proper, or equitable, including other equitable and injunctive relief, providing restitution for past violations, and preventing future violations.

**CONSOLE MATTIACCI LAW, LLC**

Dated:   April 28, 2023          BY:    _____
                                        Lane J. Schiff, Esquire
                                        1525 Locust St., 9th Floor
                                        Philadelphia, PA 19102
                                        (215) 545-7676

                                        Attorney for Plaintiff,
                                        Debra Tretter

# EXHIBIT A

COMMONWEALTH OF PENNSYLVANIA
GOVERNOR'S OFFICE
PENNSYLVANIA HUMAN RELATIONS COMMISSION

## **COMPLAINT**

_____

COMPLAINANT:                          :
                                      :
**DEBRA TRETTER**                     :          Docket No.
                                      :
v.                                    :
                                      :
RESPONDENTS:                          :
                                      :
**MID-ATLANTIC DENTAL PARTNERS**      :
                                      :
and                                   :
                                      :
**MID-ATLANTIC DENTAL SERVICE**       :
**HOLDINGS LLC**                      :
_____:

1. The Complainant herein is:

   Name:                  Debra Tretter

   Address:               <span style="background:black;color:white">REDACTED</span>
                          Langhorne, PA 19047

2. The Respondents herein are:

   Names:                 Mid-Atlantic Dental Partners; Mid-Atlantic Dental Service
                          Holdings LLC

   Address:               630 West Germantown Pike, Suite 120
                          Plymouth Meeting, PA 19462

3. I, Debra Tretter, the Complainant herein, allege that I was subjected to unlawful

discrimination because of my sex (female), and retaliation because I engaged in protected

activity, as set forth below.

**Discrimination and Retaliation**

**A.  I specifically allege:**

[1]        I was hired by Respondents on or about July 16, 2018.

[2]        I consistently performed my job duties in a highly competent manner, and received positive feedback.

[3]        I last held the position of Corporate Controller.

[4]        I last reported to Joseph Sivori (male), Chief Financial Officer.  Sivori reported to C. Mitchell Goldman (male), Chief Executive Officer.

[5]        Before reporting to Sivori, I reported to Sean Porrini (male), Chief Financial Officer.

[6]        On or about January 14, 2019, Respondents hired Michael Stees (male), Division Controller.

[7]        I had more responsibilities and longer service time with Respondents than Stees but was paid the same as Stees.

[8]        In or about October 2019, I began reporting to Sivori.

[9]        At the time of my termination, in addition to me, the following employees reported to Sivori.  I was more qualified to perform these employees' positions.

        a)  Michael Stees (male), Division Controller;

        b)  Ellen Gray (female), Consultant Controller.

[10]        I was treated differently and worse, and in a more hostile, dismissive, and demeaning manner than male employees were treated.

[11]        Male supervisors and male direct reports treated me in a hostile and demeaning manner—differently and worse than they treated male employees.

[12]        Respondents removed a portion of my job duties and responsibilities and assigned them to less qualified male employees.

[13]        Respondents unjustly criticized my performance.

[14]        Respondents piled on to me additional work, job duties, and responsibilities but did not give me a promotion or salary increase.

[15]        I received no salary increase or promotion, despite my requests, throughout my employment with Respondents.

[16]        Respondents gave salary increases and promotions to less qualified male employees with shorter service time than me, including Alex Agurok (male), Financial Analyst, and Todd Miller (male), Senior Accountant.

[17]        I asked Sivori and Goldman why Agurok (male) and Miller (male) were given salary increases and I was not.

[18]        I received no explanation, including the criteria, as to why I was not given salary increases and less qualified male employees were given salary increases.

[19]        Respondents failed to give salary increases to me but gave salary increases to male employees, who were less qualified and had shorter service time than me, based on sex.

[20]        Male employees were given salary increases while female employees, including me, were not given salary increases.

[21]        On November 23, 2020, in an email to Sivori, I provided a list of six (6) female employees, including me, who were not given performance reviews or salary increases.

[22]        I received no response to my above email.

[23]        On February 1, 2021, in a phone call with Sivori, Respondents terminated my employment, effective March 5, 2021, which was later moved to March 10, 2021.  The stated

reason for my termination was consolidation. Sivori told me that Respondents no longer needed multiple Controllers, and Stees was selected for the combined position. I asked why I was being terminated and Stees was being retained. Sivori responded that he was under pressure from the Board to make changes. Sivori told me that my termination was not performance related and that he would give me a positive reference.

[24]    I was more qualified for the combined Controller position than Stees (male), and had a longer service time at Respondents than Stees (male).

[25]    I was given no opportunity to apply for the combined Controller position that was given to Stees (male).

[26]    Respondents terminated my employment because of my sex and/or my engaging in protected activity in connection with my objecting to Respondents' failure to give salary increases to female employees.

[27]    Respondents failed to select me for the combined Controller position because of my sex and/or my engaging in protected activity in connection with my objecting to Respondents' failure to give salary increases to female employees.

[28]    Numerous employees told me that I should have been retained and selected for the combined Controller position instead of Stees.

[29]    I was the only employee reporting to Sivori who was notified of termination on February 1, 2021.

[30]    Before the termination meeting, I had no indication that my job was in jeopardy.

[31]    I had no disciplinary or performance issues throughout my employment.

[32]     Respondents failed to give me salary increases, but gave salary increases to male employees, because of my sex.

[33]     I had no opportunity to remain employed with Respondents.

[34]     On February 4, 2021, Stees told me that he received a salary increase, and I learned that Agurok received a salary increase.

[35]     I had been denied a salary increase throughout my employment with Respondents.

[36]     I asked Sivori why Stees (male) and Agurok (male) were given salary increases and I was not.

[37]     I received no explanation, including the criteria, as to why I was not given a salary increase and less qualified male employees were a given salary increase.

[38]     Respondents assigned my job duties and responsibilities to Stees (male).  I was more qualified to perform my job duties and responsibilities than the male employee with whom Respondents replaced me.

[39]     On February 19, 2021, in a meeting with Sivori and Jill Cole (female), Chief Human Resources Officer, I complained of sex discrimination.  I complained that there was a pattern of sex discrimination at Respondents.  Sivori and Cole did not deny the same.

[40]     Respondents failed to investigate my sex discrimination complaints.

[41]     Respondents failed to take any action to remedy or prevent the sex discrimination to which I have been subjected.

[42]     On March 10, 2021, Respondents terminated my employment.

[43]     Female employees, including Malloree Heng (female), Payroll, and Jen Bratis (female), Senior Accountant, have recently resigned from Respondents.

[44]     Respondents' sex discriminatory and retaliatory conduct has caused me emotional distress.

[45]     Respondents' conduct evidences a bias against female employees and/or employees who engage in protected activity.

[46]     **I bring this Complaint as a class and pattern and practice Complaint on behalf of myself and any and all current or former employees of Respondents who are female, and have been discriminated against based on sex, in connection with the terms and conditions of their employment, including being subjected to a hostile work environment, failure to promote, demotion, compensation, and/or termination**.

**B.**  Based on the aforementioned, I allege that Respondents have discriminated against me because of my sex (female), and retaliated against me because I engaged in protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), and the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA").

4.     The allegations in Paragraph 3 hereof constitute unlawful discriminatory practices in violation of:

 **X**     **Pennsylvania Human Relations Act (Act of October 27, 1955, P.L. 744, as amended) Section 5 Subsection(s):   (a); (d)**

____     Section 5.1 Subsection(s) _____

____     Section 5.2 Subsection(s) _____

____     Pennsylvania Fair Educational Opportunities Act (Act of July 17, 1961, P.L. 766, as amended) Section 4 Subsection(s) _____

5.      Other action based upon the aforesaid allegations has been instituted by the Complainant in any court or before any other commission within the Commonwealth of Pennsylvania as follows:

**_X_          This charge will be referred to the EEOC for the purpose of dual filing.**

6.      The Complainant seeks that Respondent be required to:

(a)  Make the Complainant whole.

(b)  Eliminate all unlawful discriminatory practice(s) and procedure(s).

(c)  Remedy the discriminatory effect of past practice(s) and procedure(s).

(d)  Take further affirmative action necessary and appropriate to remedy the violation complained of herein.

(e)  Provide such further relief as the Commission deems necessary and appropriate.

## **VERIFICATION**

I hereby verify that the statements contained in this complaint are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 P.A.C.A. Section 4904, relating to unsworn falsification to authorities.


3/25/2021
(Date Signed)                    (Signature)   Debra Tretter
                                 REDACTED
                                 Langhorne, PA 19047

# EXHIBIT B

EEOC Form 161-B (01/2022)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To: **Debra Tretter**
**REDACTED**
**Langhorne, PA 19047**

From: **Philadelphia District Office**
**801 Market St, Suite 1000**
**Philadelphia, PA 19107**

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **17F-2021-61216** | **Damon Johnson,** **State, Local & Tribal Program Manager** | **(267) 589-9722** |

*(See also the additional information enclosed with this form.)*

### NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

More than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge.

Please retain this notice for your records.

On behalf of the Commission

Digitally Signed By: Karen McDonough
02/01/2023

Enclosures(s)

**Karen McDonough**
**Deputy District Director**

cc:  **For Respondent**
**Elizabeth Mincer, Esq.**
**Duane Morris, LLP**
**30 South 17th Street**
**Philadelphia, PA 19103**

**For Charging Party**
**Emily R Derstine Friesen**
**Console Mattiacci Law, LLC**
**1525 Locust Street, 9th Floor**
**Philadelphia, PA 19102**